UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN GORSKI,

        Plaintiff,

                                      Case No. 06-CV-13530

vs.

                                      HON. GEORGE CARAM STEEH

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.

_____/

<u>ORDER OVERRULING PLAINTIFF'S OBJECTIONS (DOC. # 12) AND ACCEPTING
MAGISTRATE'S REPORT AND RECOMMENDATION (DOC. # 11) TO DENY
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 6) AND GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 8)</u>

       This is a case in which plaintiff seeks review, under 42 U.S.C. § 405(g), of the determination of the Commissioner of Social Security (the "Commissioner") to deny her application for disability benefits. Before the court is Magistrate Judge Steven Pepe's report and recommendation to grant defendant's motion for summary judgment and deny that of the plaintiff, to which the plaintiff has filed objections.

       In his report and recommendation on the parties' cross-motions for summary judgment, the magistrate reviewed the decision of the Administrative Law Judge (ALJ), finding in favor of defendant on each of plaintiff's claims of error: that the ALJ did not sufficiently consider certain medical opinions, including those of treating physicians; that the ALJ did not ask an accurate hypothetical question to the vocational expert (VE) at

plaintiff's hearing; and that there was no support in the record for a finding that she could perform semi-skilled work.

The plaintiff now makes the following objections to the determination of the magistrate: #1) that the ALJ did not properly assess the opinions of certain of plaintiff's medical sources; #3) that the ALJ's hypothetical questions to the vocational expert were flawed, in that they did not accurately reflect the plaintiff's impairments; and #4) that the ALJ improperly assessed the plaintiff's credibility.

This court's review of the Agency's decision to deny benefits "is limited to determining whether the [Commissioner's] findings are supported by substantial evidence and whether the [Commissioner] employed the proper legal standards in reaching her conclusion." Brainard v. Sec'y of Health and Human Services, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. If the Commissioner's decision is reviewed by a magistrate judge, who issues a report and recommendation, this court reviews the portions of that report and recommendation to which a party objects de novo. 28 U.S.C. § 636(b)(1)(C).

The court will consider plaintiff's objections in the order presented[1], addressed below.

---

[1] Plaintiff's three objections are (mis) labeled #1, #3, and #4, and the court will label them the same way in this order.

Objection #1

In this objection, plaintiff asserts that the ALJ did not properly assess the opinions of Dr. John Blase, Ph.D., who evaluated the plaintiff on April 11, 2003; Dr. Ancell, who evaluated the plaintiff on June 6, 2003; Dr. Bayer; a consultative psychologist; and state agency medical sources.

As defendant points out in response to plaintiff's objections, plaintiff does not explain how Dr. Blase's diagnosis and determination to make certain referrals conflict with the ALJ's findings on plaintiff's limitations. Defendant aptly cites to U.S. v. Hayter Oil Co., Inc. of Greeneville, Tenn., 51 F.3d 1265, 1269 (6th Cir. 1995) for its holding on waiver of issues that are only "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" (quoting United States v. Tracy, 989 F.2d 1279, 1286 (1st Cir. 1993)). In fact, plaintiff's objection states simply that she complained to Dr. Blase of all day headaches occurring once or twice a week, and that Dr. Blase determined plaintiff "was a good candidate for cognitive rehabilitation and recommended further assessment by speech, occupational and cognitive therapists as well as psychological counseling." The ALJ found that plaintiff's ability to work was limited to "activity at any level of exertion from sedentary to very heavy including doing simple jobs involving only routine production and stress levels, and having occasional contact with the general public and coworkers." Tr. 31. As defendant asserts, plaintiff's objection lacks argumentation, but in any event does not demonstrate to the court an inconsistency between Dr. Blase's and the ALJ's determinations on plaintiff's limitations.

Plaintiff also objects to the ALJ's discounting of Dr. Ancell's "conclusion" that plaintiff was not employable, due to "ongoing cognitive problems." As the ALJ found,

3

however, Dr. Ancell's opinion was not based on any independent objective medical findings; in fact, it relied primarily on the diagnosis made by Dr. Blase, which is discussed above. The court agrees with the magistrate that there was no error committed by the ALJ in determining that Dr. Ancell's opinion was "inconsistent with other evidence of record," Tr. 31, and that the ALJ should accord no controlling weight to medical providers' *conclusions* concerning disability, pursuant to 20 C.F.R. § 404.1527(e).

Concerning Dr. Bayer, a psychiatrist, plaintiff's objection first generally asserts that his opinion was not properly assessed, then criticizes the magistrate's determination that the record did not substantiate plaintiff's ongoing treatment with Dr. Bayer. Plaintiff states that "[i]f treatment notes were crucial to the ALJ's weight to be given to the treating medical source, he should have requested that the Plaintiff's prior attorney obtain the actual records and treatment notes or he could have requested them himself."

Defendant responds to these objections by quoting from the ALJ's consideration of Dr. Bayer's opinion:

> [h]e did no testing of the Claimant but only spoke with her in his office and took a history with regard to her injuries, treatment and problems, both physical and psychological. He had one opportunity to see her, and concluded on that one visit that she had very severe mental problems to the extent that she had some impairment in reality testing or communication, which has not been shown by the objective evidence presented herein. As previously shown she is able to run errands, drive, take her children wherever they need to go, and can communicate with others without significant difficulty, contrary to what the doctor claims. His conclusions are in conflict with Claimant's longitudinal record.

Tr. 31. The court agrees that this assessment is borne out by the administrative record. Further, concerning the "ongoing treatment" objection, although defendant's response to the objections purportedly concedes that "the record indicates that Dr. Bayer saw Plaintiff at least twice, on July 24, 2004 (Tr. 230-33), and October 5, 2004 (Tr. 229)..." the court notes that the entry from October 5 is simply a letter "To Whom it May Concern" about Dr. Bayer's recommended maximum course load for the plaintiff, and absolutely does not reflect an additional visit.[2] In any event, Dr. Bayer's evaluation of the plaintiff admittedly follows only an in-office "comprehensive diagnostic interview," and indicates his review of Dr. Ancell's and Dr. Blase's reports. The court agrees that the dire assessment made by Dr. Bayer was not improperly discounted by the ALJ, and that the ALJ's assessment of Dr. Bayer's report, in the context of the record, was not erroneous.

Plaintiff also objects to the assessment of psychologist Dr. Zerba, who performed an assessment in connection with the Michigan Disability Determination Service. Plaintiff's objection is that "[t]he Magistrate Judge did not report that the consultative psychologist's diagnosis was PTSD [post traumatic stress disorder] with panic attacks, dementia due to head trauma and depression secondary to head trauma. The prognosis was guarded and the Plaintiff's GAF was rated at 51." Plaintiff's Objections, p. 4. As defendant states, in responding to this objection, plaintiff seems to imply that such diagnoses necessarily refute the ALJ's RFC finding, without giving support for

---

[2] The court also agrees with defendant, citing Longworth v. Commissioner of Social Security, 402 F.3d 591, 595 (6th Cir. 2005), concerning the burden of the plaintiff to establish disability

such a proposition. As discussed above, the ALJ certainly found that the plaintiff was subject to certain limitations in the workplace, but nonetheless was not disabled, and the court cannot find error in such finding.

Finally, plaintiff objects to the magistrate's suggestion that discounting of the state agency reports was appropriate considering plaintiff's subsequent improvement. Plaintiff asserts that "[e]ven if there had been improvement, the Plaintiff should have qualified for a closed period of disability from the date of her accident and injury to the time her condition improved and allowed for work activity in a competitive work setting." Plaintiff's Objections, p. 5. In response, the defendant correctly argues that an argument for a closed period of disability was not raised before the magistrate judge, and is now waived, citing <u>Murr v. United States</u>, 200 F.3d 895, 902 (6th Cir. 2000), but that regardless, she has not shown how Dr. Joseph's opinion would support a finding of disability. As the magistrate judge went over in great detail, Dr. Joseph considered plaintiff's ability in multiple work-related areas of mental functioning, and ultimately opined that she was "able to sustain sufficient concentration[,] persistence [and] pace to perform simple[,] repetitive tasks on a regular [and] continuing basis." Tr. 115. There was no error in the ALJ's assessment of these reports.

<u>Objection # 3</u>

In this objection, plaintiff complains that each of the limitations designated "moderate" in the report of Dr. Joseph, Tr. 113-14[3], should have been included in the

---

[3] These are (taken out of different categories on the form) "the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms

questions posed by the ALJ to the vocational expert. Defendant first persuasively argues that this issue should be deemed waived, as it was not raised earlier in the proceedings, citing to Murr, 200 F.3d at 902. However, the court also agrees with the alternative, substantive assertions defendant makes in its response to this objection. First, the ALJ did incorporate many of the "moderate" limitations listed by Dr. Joseph in his hypothetical to the VE, by limiting plaintiff to hypothetical jobs that would involve "routine production and stress, simple job assignments, [and] occasional contact with public and coworkers." Tr. 291. Furthermore, although Dr. Joseph marked several items with the "moderately limited" finding, he did specifically note in his own handwriting, below the "Functional Capacity Assessment," that plaintiff was "[a]ble to sustain sufficient concentration persistence pace to perform simple repetitive tasks on a regular and continued basis." Tr. 115. This functional capacity assessment is in line with that determined by the ALJ, which is in turn supported by substantial evidence.

Objection # 4

In this objection, plaintiff asserts that the ALJ improperly assessed her credibility about her limitations and abilities, and summarily states that the testimony given by plaintiff "was supported by the psychological testing and confirmed by her treating medical sources as well as the consultative examiner." Just as in the motion for summary judgment filed by plaintiff, plaintiff has developed no argument in support of

---

and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; the ability to respond appropriately to changes in the work setting; and the ability to set realistic goals or make plans independently of others."

this claim, and the court cannot infer a particular argument from this brief section of plaintiff's filing. The court notes that all the ALJ included in his opinion about plaintiff's credibility was that "[c]laimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." Tr. 33. The ALJ did not equate "allegations" with testimony at the hearing. The court agrees that, pursuant to the principles stated in <u>Hayter Oil Co., Inc.</u>, 51 F.3d 1265, 1269 (6th Cir. 1995), the issue presented in this objection should be deemed waived.

## CONCLUSION

For the reasons stated above, plaintiff's objections to the report and recommendation of the magistrate are hereby OVERRULED, and the well-reasoned report and recommendation of the magistrate is hereby adopted as the findings of this court. Accordingly plaintiff's motion for summary judgment is DENIED, and defendant's motion for summary judgment is GRANTED. Judgment will enter for defendant.

IT IS SO ORDERED.

Dated: September 24, 2007

S/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 24, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---